IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KRISTY BARNES,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:21-cv-00869-O-BP |
| § | | |
| **CITY OF LAKE WORTH, TEXAS,** *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* plaintiff Kristy Barnes's Complaint, filed on July 16, 2021; the Court's jurisdictional Show Cause Order, issued on August 31, 2021; and the Court's reminder Order, issued on October 4, 2021. ECF Nos. 1, 6, and 7, respectively. After considering Barnes's pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** her case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.   BACKGROUND**

Kristy Barnes ("Barnes") filed this action on July 16, 2021, alleging that Defendants "submitted a created and forged instrument which interfered with [her] rights to property . . . ." ECF No. 1. That same day, Barnes's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. Barnes's Complaint seeks "judgment against defendants jointly and severally for actual, general, special, and compensatory damages, and such other relief deemed to be just and equitable." ECF No. 1. But as the Court noted in its August 31 Show Cause Order, the Complaint does not offer facts to establish federal jurisdiction in this matter, does not elaborate

on the fraudulent acts or omissions of Defendants which gave rise to its allegations, and does not provide an articulation of the damages it references in passing. ECF No. 6.

To better understand Barnes's claims and determine if her lawsuit belonged in federal court, the Court issued its August 31 Order, which asked for more information on her cause of action and sought clarification of her asserted grounds for federal jurisdiction. *Id.* That Order specifically directed Barnes to allege "sufficient facts to establish that this Court has subject matter jurisdiction over the case, on or before **September 30, 2021**." *Id.* at 4. When Barnes made no filings in the case by the time that deadline passed, the Court issued an Order on October 4, 2021, reminding her of the lapsed deadline and requesting the missing jurisdictional information by October 25, 2021. ECF No. 7. That Order cautioned Barnes that "[f]ailure to comply with this order may result in a recommendation that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction and for failure to comply with court orders." *Id.* at 2.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged

affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

### III.  ANALYSIS

To bring a case in federal court, the party seeking to assert such jurisdiction has the burden of proving it exists. *Howery*, 243 F.3d at 916. Barnes has not carried this burden because federal jurisdiction must be pleaded affirmatively and cannot be established by inference. *Getty Oil*, 841 F.2d at 1259. Barnes's Complaint does not assert federal question jurisdiction because it does not provide facts that implicate any matters of federal law and states only that "Barnes was denied any and all due process of law." ECF No. 1. The Civil Cover Sheet reveals that Barnes seeks relief under 42 U.S.C. § 1983 for "deprivation of secured rights under color of law." ECF No. 1 at 3. Nowhere does Barnes state facts to show how any defendant violated her rights under federal law.

Neither does the Complaint assert jurisdiction based on diversity of citizenship. The Complaint form listed a Fort Worth address for Barnes, and it is likely that she is a Texas citizen. *Id.* As the Court's August 31 Order noted, "[b]ecause the primary named Defendant is a municipality in Texas, diversity jurisdiction likely does not exist in the present matter." ECF No. 6 at 3. Additionally, Barnes names the Lake Worth Police Department and two individuals as Defendants, all of whom she identifies with an address in Fort Worth. It thus appears that Barnes likely is a citizen of the same state as one or more of the defendants. Furthermore, even if the parties were of diverse citizenship, Barnes has not affirmatively pleaded sufficient facts for the Court to determine an amount in controversy exists in this case that exceeds $75,000.

Federal courts are obligated to police subject matter jurisdiction at all levels of a proceeding. *Ruhrgas AG*, 526 U.S. at 583. That is why the Court issued two different orders, each with an extension of time, to allow Barnes to make this prerequisite showing. *See* ECF Nos. 6, 7. Barnes did not comply with either Order. Thus, the Court is left with insufficient grounds to

conclude that subject matter jurisdiction exists in this matter, and *sua sponte* dismissal of her case is therefore appropriate. *McDonal*, 408 F.3d at 182 n.5. Because dismissals for lack of subject matter jurisdiction do not concern the merits of a case, Barnes's case should be dismissed without prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) (citation omitted). Accordingly, Judge O'Connor should dismiss this action without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITHOUT PREJUDICE** because the Court lacks subject matter jurisdiction over Barnes's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 26, 2021.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE