IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KRISTY BARNES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00869-O-BP |
| | § | |
| **CITY OF LAKE WORTH, TEXAS,** *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Response filed May 27, 2022, First Motion to Reopen Case filed August 3, 2022, Motion to Amend with proposed amendment filed August 4, 2022, and Supplemental Motion to Reopen Case filed August 19, 2022. ECF Nos. 10-13, respectively (the Motions are collectively referred to as "the Motions"). After reviewing the Response, Motions, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motions.

**I.    BACKGROUND**

This is a closed civil rights case in which Plaintiff Kristy Barnes ("Barnes") now claims under 42 U.S.C. § 1983 that employees of the City of Lake Worth, Texas, violated her constitutional rights by wrongfully arresting her, charging her with a misdemeanor, and illegally impounding her automobile. *See* ECF Nos. 12, 13. Barnes's Original Complaint, filed on July 16, 2021, contained none of these allegations and facts. When she filed the Complaint, Barnes apparently "[had] a civil case to file, but it [was] not ready for litigation." ECF No. 1 at 2.

The case was automatically referred to the undersigned pursuant to Special Order 3. ECF

No. 4. Finding that Barnes had not alleged any factual basis in the bare-bones Complaint to show the Court's subject matter jurisdiction, the undersigned ordered her to explain how the Court had subject matter jurisdiction. ECF No. 6. The Court warned her that failure to comply might result in a recommendation that the case be dismissed for want of subject matter jurisdiction. *Id.* at 4. When Barnes failed to comply with the order by the September 30, 2021 deadline, the undersigned again ordered her to comply and warned her that failure to do so could result in dismissal of her case for lack of subject matter jurisdiction and for failure to comply with court orders. ECF No. 7 at 2.

Barnes again failed to comply by the revised deadline of October 25, 2021, and the undersigned entered Findings, Conclusions, and Recommendation ("FCR") on October 26, 2021, recommending dismissal of the case without prejudice for lack of subject matter jurisdiction. ECF No. 8. Barnes did not file objections to the FCR. By order dated February 2, 2022, Judge O'Connor accepted the Findings, Conclusions, and Recommendation (ECF No. 8) and dismissed the case without prejudice for lack of subject matter jurisdiction. ECF No. 9. Barnes did not appeal Judge O'Connor's order dismissing the case within the period required by the Federal Rules of Appellate Procedure.

On May 27, 2022, three months after the case was dismissed, Barnes filed a lengthy pleading docketed as "Response," which apparently was filed in response to the Court's orders requiring her to explain the basis for the Court's jurisdiction that were entered more than six months before. *See* ECF No. 10. Part of that pleading included a Motion for Permission to Late File that listed unreliable mail delivery, limited resources, crowded medical appointment calendar, lack of reliable transportation, and inability to claim attorney fees as grounds. *Id.* at 27-30. Also included was a "Claim for Violation of Civil Rights" that was completed on a Non-Prisoner

Complaint form. *Id.* at 44-51. In the Response, Barnes did not ask to reopen the case or otherwise challenge the dismissal.

In the pending Motions filed three months thereafter, Barnes did seek to reopen the case. The undersigned construes the Motion to Amend and Supplemental Motion to Reopen Case as seeking relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60. Plaintiff's First Motion to Reopen is not relevant to this case since it is a blank form apparently published by the Thirteenth Judicial Circuit, Family Law Division, of the State of Florida. *See* ECF No. 11.

## II.  LEGAL STANDARDS

When a party moves to reopen a final judgment, the Court considers the motion as a request to amend or alter a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b), "based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). If the motion is filed within twenty-eight days of the entry of the judgment, the court considers it under Federal Rule 59(e). *Id.* If filed later than twenty-eight days, the motion is viewed as one seeking relief from the judgment under Rule 60(b). *Id.*

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The six enumerated reasons listed in Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; "fraud . . . , misrepresentation, or misconduct by an opposing party"; a void judgment; a judgment that has been "satisfied, released, or discharged" or "is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; and "any other reason that justifies relief." Fed. R. Civ. P.

3

60(b). "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will be reversed only for an abuse of discretion." *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984 (5th Cir. 2001) (citation omitted). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir.1985). For all litigants, even those representing themselves, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993).

Parties who seek relief under Rule 60(b)(6), must show "extraordinary circumstances" to justify relief. *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)) ("Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."). As a catchall provision, Rule 60(b)(6) is available "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 142 S. Ct. at 1861.

### III.   ANALYSIS

Because Barnes moved to reopen this case more than twenty-eight days after the February 2, 2022 date of the order dismissing the case, the Court construes her Motions as seeking relief under Rule 60. Barnes's Motions do not assert any mistake that could be corrected under Federal Rule of Civil Procedure 60(a). The undersigned therefore considers the Motions under Rule 60(b).

Barnes seeks to reinstate the case for a host of reasons stated in an affidavit, explaining why she did not comply either with the deadlines set by the undersigned or the rules of procedure. The most relevant reasons are she was sick with COVID-19 for several weeks along with members

4

of her family, she had limited access to a law library or law clinic, and documents to and from the Court were not delivered in a timely manner, and she has provided new information to the Court regarding the facts of the case and basis of jurisdiction as she was ordered. ECF No. 12-1. None of these reasons qualifies under Rule 60(b) as a mistake; new evidence; fraud or misrepresentation by the opposing party; evidence that the judgment was void, satisfied, or discharged; or based on an earlier invalid judgment.

At most, Barnes alleges facts to claim excusable neglect under Rule 60(b)(1). But Barnes's COVID-19 illness, lack of access to a law library or legal clinic, slow mail, and finally responding to the Court's orders do not explain why she did not comply with the two deadlines set by the undersigned, the deadline for objecting to the undersigned's FCR, and the deadline for appealing Judge O'Connor's order accepting the FCR and dismissing the case for lack of subject matter jurisdiction. Barnes had ample opportunity to provide additional facts and arguments showing subject matter jurisdiction within those deadlines, but chose not to do so. Such delay and disobedience of the deadlines set by the Court and imposed by the rules of procedure do not prove "excusable neglect."

Nor do they show "extraordinary circumstances" that would justify relief under Rule 60(b)(6). The Court has reviewed Barnes's justifications for not complying with the deadlines previously set and sees no "extraordinary circumstances" that would cause the Court to grant her under Rule 60(b)(6).

The Court is aware that dismissal of Barnes's case without prejudice has the effect of a with prejudice dismissal since she filed her case just shy of two years after the incident giving rise to her claims. However, Barnes has shown a "clear record of delay" and a pattern of not obeying the Court's orders that would justify dismissal even under these circumstances. Lesser sanctions

than dismissal were not appropriate here since the reason for dismissal was the lack of subject matter jurisdiction as pleaded in Barnes's Original Complaint. Although Barnes could have sought leave to amend her Complaint or simply comply with the Court's orders requiring her to explain the facts supporting federal subject matter jurisdiction, she did not do so. Under those circumstances, lesser sanctions would not be available since there is no indication she would have complied with them when she did not respond to warnings that she must comply or risk dismissal of her case.

The Court has a duty to dismiss cases that are not within its subject matter jurisdiction. District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

Thus, at the beginning of the case, the Court had to determine whether it had subject matter jurisdiction. Liberally construing the Complaint, the Court determined that Barnes had not pleaded facts to show federal subject matter jurisdiction. She pleaded no facts on that issue until months after the case was dismissed. Even when she finally explained her claims in the lengthy Response filed on May 27, 2022, she did not allege good cause why the Court should reconsider its dismissal. She thereafter filed the Motions and sought to reopen the case, but she did not carry her burden of showing her entitlement to relief under Rule 60(b).

Because Barnes has not presented appropriate grounds to support her request to reopen this case, and the Court has found none under Rule 60(b), the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's First Motion to Reopen Case, Motion to Amend with proposed amendment, and Supplemental Motion to Reopen Case. ECF Nos. 11, 12, and 13.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 11, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE